IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRI L. ROBERTS, | * | |
| Plaintiff, | * | |
| v. | * | CV 115-072 |
| QUANTUM3 GROUP, LLC, | * | |
| Defendant. | * | |

O R D E R

After a careful, *de novo* review, the Court concurs with the Bankruptcy Judge's Report and Recommendation (doc. 3-1 at 76-84) that the Court withdraw the reference "for cause" under the permissive withdrawal provisions of 28 U.S.C. § 157(d), to which no objections were filed. Accordingly, the Court **ADOPTS** the portion of the Bankruptcy Judge's Report and Recommendation finding permissive withdrawal appropriate as its opinion and **GRANTS** the withdrawal of the reference.[1] The case is hereby **WITHDRAWN** from the Bankruptcy Court for the Southern District of Georgia, and the Clerk is **DIRECTED** to assign this case as a civil action.

The Court has stayed four cases on its docket pending the Eleventh Circuit Court of Appeals' decision in Johnson v. Midland

---

[1] The Court expresses no opinion as to the merits of mandatory withdrawal.

Funding, LLC, No. 15-11240 (11th Cir. Mar. 24, 2015).[2] Each of those cases turns on the interplay between the Fair Debt Collection Practices Act ("FDCPA") and the Bankruptcy Code, particularly in reference to the filing of time-barred proofs of claim in bankruptcy proceedings. The issue before the Eleventh Circuit in Johnson is essentially the same: Does the Bankruptcy Code preclude an FDCPA claim based on the filing of a proof of claim? Indeed, from the Court's preliminary review of the parties' filings, it appears that an affirmance from the Eleventh Circuit in Johnson would prove dispositive here as well. (See Doc. 3-1 at 7 (asserting, in moving to dismiss the adversary complaint, that Plaintiff's "motion lays before the Court the issue expressly left undecided by Crawford," which is now under consideration in Johnson).

It is well-established that a district court may stay proceedings either on its own or on a motion of the parties. See, e.g., Landis v. N. Am. Water Works & Elec. Co., 299 U.S. 248, 254 (1936). Moreover, the Eleventh Circuit has held that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). Indeed, a stay "sometimes is authorized simply as a means of controlling the district court's docket and

---

[2] Ford v. Quantum3 Group, LLC et al., No. 1:15-cv-031, Doc. 7; McNorrill v. Asset Acceptance, LLC, No. 1:14-cv-210, Doc. 29; Willis v. Cavalry Investments, LLC et al., No. 1:14-cv-227, Doc. 34; Aliff et al. v. Resurgent Capital Servs. et al., No. 1:14-cv-098, Doc. 51.

of managing cases before the district court." Id. Even so, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." Id.

The Court recognizes that the parties in this matter have not been afforded an opportunity to respond to the propriety of a stay. For that reason, each party shall have **SEVEN DAYS** to file a response, if they wish, to the imposition of a stay. Failure to file a response within seven days shall indicate there is no opposition to the Court's proposed course of action.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of June, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA