IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TERRI L. ROBERTS,              *
                               *
         Plaintiff,            *
                               *
    v.                         *        CV 115-072
                               *
QUANTUM3 GROUP, LLC,           *
                               *
         Defendant.            *

**O R D E R**

On June 8, 2015, the Court invited the parties in this matter to file a response to the Court's proposed imposition of a stay pending the Eleventh Circuit Court of Appeals' disposition of Johnson v. Midland Funding, LLC, No. 15-11240 (11th Cir. Mar. 24, 2015). (Doc. 4.) The Court previously stayed four similar cases on its docket,[1] each of which turns on the interplay between the Fair Debt Collection Practices Act ("FDCPA") and the Bankruptcy Code, particularly in reference to the filing of time-barred proofs of claim in bankruptcy proceedings. As in the four cases previously stayed, an affirmance from the Eleventh Circuit in Johnson would prove dispositive in this matter. Neither Plaintiffs nor Defendants filed a response within the time frame provided, which indicates to the Court that they do not oppose this proposed course of action. (See Dkt.)

---

[1] Ford v. Quantum3 Group, LLC et al., No. 1:15-cv-031, Doc. 7; McNorrill v. Asset Acceptance, LLC, No. 1:14-cv-210, Doc. 29; Willis v. Cavalry Investments, LLC et al., No. 1:14-cv-227, Doc. 34; Aliff et al. v. Resurgent Capital Servs. et al., No. 1:14-cv-098, Doc. 51.

It is well-established that a district court may stay proceedings either on its own or on a motion of the parties. See, e.g., Landis v. N. Am. Water Works & Elec. Co., 299 U.S. 248, 254 (1936). Moreover, the Eleventh Circuit has held that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). Indeed, a stay "sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." Id. Even so, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." Id.

Accordingly, this case shall be **STAYED** pending the Eleventh Circuit's decision in Johnson v. Midland Funding, LLC, at which time any party may move to lift the stay.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of June, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2